UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| JOSE LUIS GUTIERREZ HERNANDEZ, | ) | C/A No.: 4:15-cv-1002-MGL-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN MCFADDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 3, 2015. (Doc. #1). Respondent filed a motion for summary judgment on April 27, 2015, along with a return and memorandum. (Docs. #11 and #12). The undersigned issued an order filed April 27, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #13). After being granted an extension, Petitioner filed a response on June 15, 2015.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lieber Correctional Institution. During its January 2007 term, the Charleston County Grand Jury indicted Petitioner on the charge of trafficking in cocaine (2007-GS-10-056). (Attachment 1, pp. 408-09). Petitioner was represented at a March 3-4, 2008, jury trial by Andrew Grimes and Ben Lewis of the Ninth Circuit Public Defender's Office. Appearing on behalf of the State were Julie Cardillo and Stephanie Bianco of the Ninth Circuit Solicitor's Office. The trial proceeded before the Honorable R. Markley Dennis, Jr., South Carolina Circuit Court Judge. The jury convicted Petitioner of trafficking in cocaine, and Judge Dennis sentenced Petitioner to twenty-five years' imprisonment with credit for time served. (Attachment 1, p. 278).

## **DIRECT APPEAL**

Petitioner timely filed a direct appeal of conviction and sentence. (Attachment 2). Initially, Wanda Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal

and briefed the following issue pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967):

> The trial judge erred in not allowing appellant's statement given to police into evidence at trial because the required warnings pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), were properly administered and waived in this case.

(Attachment 3). Pursuant to a motion and order granting substitution of counsel and substitution of appellant brief, Tricia Blanchette, Esq. took on Petitioner's representation. (Attachment 4). Ms. Blanchette raised the following issues on Petitioner's behalf:

> I. Whether the trial court erred by failing to grant a directed verdict of not guilty when the evidence conclusively proved that the appellant was entrapped.
>
> II. Whether the trial court erred by giving the jury an improper instruction on the defense of entrapment.

(Attachment 1, p. 280-94).

Assistant Attorney General Julie Thames made the final brief of Respondent on behalf of the State. (Attachment 1, pp. 295-318). In an Unpublished Opinion No. 2011-UP-032 filed January 26, 2011, the South Carolina Court of Appeals affirmed Petitioner's conviction. (Attachment 1, p. 319-22). Ms. Blanchette petitioned for rehearing and petitioned for rehearing *en banc*, which were denied. (Attachment 5). The remittitur was issued on April 29, 2011. (Attachment 6).

## **PCR**

Petitioner filed his application for post-conviction relief (PCR) on April 21, 2011. Petitioner raised the following issues in his PCR application:

    a.      Ineffective Assistance of Trial Counsel

            i.      Failure to advise Applicant of plea offer in a timely manner
            ii.     Failure to properly prepare and investigate
            iii.    Failure to properly raise an entrapment argument
    b.      Ineffective Assistance of Appellate Counsel
    c.      Violation of the 14th Amendment of the U.S. Const

(Attachment 1, p. 326). The State made its Return. An evidentiary hearing was conducted on December 4, 2012, before the Honorable Roger M. Young, Sr., Circuit Court Judge. Mark Peper, Esq. represented Petitioner and Assistant Attorney General Ashleigh Wilson appeared on behalf of the State. (Attachment 1, p. 337).

In his Order of Dismissal filed December 27, 2012, Judge Young denied and dismissed all claims with prejudice and remanded Petitioner to the custody of the Respondent. (Attachment 1, pp. 397-407).

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR application and was represented by Carmen Ganjehsani of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the petition for writ of certiorari, the following issues were raised on Petitioner's behalf:

4

I.     Whether the PCR court erred in finding that trial counsel provided effective assistance of counsel where trial counsel failed to preserve for appellate review whether Petitioner was entitled to a directed verdict when the evidence conclusively proved that Petitioner was entrapped.

II.    Whether the PCR court erred in finding that trial counsel provided effective assistance of counsel where trial counsel failed to preserve for appellate review whether the Trial Court erred in giving the jury a confusing and contradictory charge on entrapment when the Trial Court instructed the jury that the State had to prove beyond a reasonable doubt that Petitioner was not predisposed to commit the crime?

III.   Whether the PCR court erred in finding that trial counsel provided effective assistance of counsel where trial counsel failed to preserve for appellate review the issue of whether the Trial Court erred in failing to instruct the jury that the Petitioner only had the burden to produce "more than a scintilla of evidence" that he was induced, tricked, or incited to commit a crime which he would not have committed before the burden shifted to the State to prove beyond a reasonable doubt that Petitioner was predisposed to commit the crime?

IV.   Whether the PCR court erred in finding that appellate counsel provided effective assistance of counsel where appellate counsel did not raise on appeal the preserved issue of whether the Trial Court erred in refusing to charge the jury that "evidence of good character and good reputation may in and of itself create a doubt as to guilt?"

(Attachment 8).

In an order dated December 10, 2014, the South Carolina Supreme Court denied certiorari (Appellate Case No. 2013-002061). (Attachment 10). The remittitur was issued on December 30, 2014, and Charleston County filed the Order

5

denying certiorari and remittitur on January 5, 2015. (Attachments 11 and 12).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his amended petition, quoted verbatim:

GROUND ONE:    Ineffective Assistance of Counsel

Supporting facts:    Whether the PCR court erred in finding that trial counsel provided effective assistance of counsel where trial counsel failed to preserve for appellate review whether petitioner was entitled to a directed verdict when the evidence conclusively proved that Petitioner was entrapped?

GROUND TWO:    Whether the trial court erred

Supporting Facts:    Whether the trial court erred by giving the jury an improper instruction on the defense of entrapment

GROUND THREE: [left blank]

Supporting Facts:    Whether the PCR court erred in finding that trial counsel provided effective assistance of counsel where trial counsel failed to preserve for appellate review whether the trial court erred in failing to instruct the jury that petitioner only had the burden to produce "more than a scintilla of evidence" that he was induced, tricked, or incited to commit a crime which he would not have commit before the burden shifted to the State to prove beyond a reasonable doubt that petitioner was predisposed to commit the crime.

GROUND FOUR: Ineffective Assistance of Appellate Counsel

Supporting Facts: Petitioner was denied the effective assistance of appellate counsel and a direct appeal, in vio[l]ation of South Carolina law, and the Sixth and Fourteenth Amendments to the United States Constitution, as a result to appellate counsel improperly raising only issues not preserved and failing to raise meritorious issues properly preserved for appellate review.

(Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact

and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if

the non-moving party fails to establish an essential element of any cause of action

upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute

for trial on a material element of the non-moving party's claims, the non-moving party

bears the burden of coming forward with specific facts which show a genuine dispute

for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough

evidence, beyond a mere scintilla, upon which the fact finder could reasonably find

for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and

inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However,

the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory

allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am.,

977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive

evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v.

Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

   To show that a genuine dispute of material fact exists, a party may not rest upon

the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule

56(e) permits a proper summary judgment motion to be opposed by any of the kinds

of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

Rather, the party must present evidence supporting his or her position through

"depositions, answers to interrogatories, and admissions on file, together with ...

affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

9

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues the PCR court erred in failing to find trial counsel ineffective for failing to argue that he was entitled to a directed verdict "when the evidence conclusively proved that Petitioner was entrapped" and, thereby, failing to preserve it for appellate review. (Petition). Respondent asserts that the Court of

Appeals found that trial counsel failed to raise the affirmative defense of entrapment as a basis for its directed verdict motion, thus not preserving it for review on direct appeal. However, Respondent argues that the PCR court's finding that had counsel moved for a directed verdict based upon the entrapment defense, the end result would not have changed, was supported by the record and was not an unreasonable determination of the facts or an unreasonable application of federal law.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the

United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

12

competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

Strickland analysis).

For background purposes, the facts in this case as set forth in the opinion of the

South Carolina Court of Appeals on direct review are as follows:

> In November 2005, Detective Justin Hembree with the Mount Pleasant
> Police Department's Narcotics Unit (the Department) arrested Steven
> Lasaine for distributing and trafficking cocaine. After his arrest, Lasaine
> worked as a confidential informant with the Department. Lasaine asked
> Hernandez to arrange a cocaine buy in exchange for a $20,000
> remodeling job. Hernandez agreed to arrange the drug deal.
>
> On August 7, 2006, Lasaine and Hembree conducted an undercover drug
> buy with Hernandez at a Food Lion parking lot in Mount Pleasant.
> Hernandez joined Hembree and Lasaine in the undercover vehicle that
> was under video surveillance. While in the undercover vehicle,
> Hernandez made phone calls in Spanish to the other participants
> involved in the drug transaction. Although Hembree admitted he did not
> speak Spanish, he testified that he understood "bits and pieces" of the
> conversation and that Hernandez relayed the substance of some of the
> phone conversations in English.
>
> The drug transaction commenced when a Ford F–150 truck and a Ford
> Expedition arrived in the Food Lion parking lot. One of the co-
> defendants got in the undercover vehicle to confirm the presence of the
> money. The co-defendant then exited the undercover vehicle and
> approached the passenger side of the Expedition and retrieved a
> McDonald's happy meal box from another co-defendant. The co-
> defendant then handed the happy meal box to Hembree, which contained
> 252.28 grams of cocaine. Hernandez was subsequently arrested for
> trafficking cocaine and possession with intent to distribute cocaine
> within proximity of a school.

(State v. Gutierrez, 2011 WL 11734291).

The PCR court held the following with respect to this issue:

> This Court finds that the Applicant failed to meet his burden of proving trial counsel did not properly raise an entrapment argument. This Court finds that the record reflects that the entrapment defense was properly presented to the jury at the Applicant's trial. Trial counsel presented the jury with the Applicant's entrapment defense during both his opening and closing arguments and the jury was given an instruction on entrapment by the trial judge. Trial counsel gave credible testimony that he discussed an entrapment defense with the Applicant prior to trial and that the defense was presented to the jury at trial. Counsel testified further he felt that any issues regarding the entrapment defense was properly preserved for appeal.

> This Court finds that an entrapment defense was properly presented to the jury and available for their consideration at trial. This Court finds further that there is no evidence that the proper preservation of the issue for appeal would have changed the outcome of the trial. This Court finds this allegation is without merit and trial counsel properly raised an entrapment argument at trial.

(Tr. 404).

A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. §

2254(e)(1), but also are supported by the record. The PCR court found "no evidence that the proper preservation of the issue for appeal would have changed the outcome of the trial." (Tr. 404). A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. State v. McHoney. 344 S.C. 85, 544 S.E.2d 30 (2001). At the conclusion of the PCR hearing, the PCR judge stated as follows:

> And as far as any trial mistakes went, well, I really don't think there were any, because it doesn't sound like Mr. Grimes–while he may have failed to preserve a particular ground, according to the Court of Appeals, there is no evidence that this would have changed the outcome of the trial in any way. I think that was a slight error, but there is still no evidence that would have made any difference in the outcome of the trial, so I find that Mr. Grime's testimony on that was certainly more compelling and believable than the Applicant's and would therefore deny the application for post-conviction relief.

(Tr. 394).

Thus, the PCR court found there was error, albeit "slight," but found no prejudice pursuant to the Strickland standard. It is clear that the PCR court noted that trial counsel properly raised the defense of entrapment and, as discussed below, objected to the charge given by the trial court, but indicated trial counsel may have committed a "slight" error by failing to include entrapment in his argument for

directed verdict. Nonetheless, as previously stated, under the <u>Strickland</u> test, a petitioner must not only show that counsel's performance was deficient but that the deficient performance prejudiced the defense. The court further acknowledged that, to satisfy <u>Strickland's</u> prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" <u>Id</u>. at 694.

The PCR court found that trial counsel discussed Petitioner's version of the facts with Petitioner prior to trial, discussed a possible entrapment defense and the two types of entrapment that they could argue at trial, presented the entrapment defense during both his opening and closing arguments, and obtained an entrapment instruction by the trial judge. The PCR court concluded that if counsel had made a motion for a directed verdict based on entrapment, there is no evidence that it would have changed the outcome of the trial. As set forth above, this court's review is to determine whether the PCR court's decision involved an unreasonable application of federal law or an unreasonable determination of facts. Petitioner fails to show either. Also, a state court's decision on a question of state law is binding in federal court. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Thomas v. Davis</u>, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Thus, it is recommended that the Respondents' motion for

summary judgment be granted on this issue.

## Ground Two

In Ground Two, Petitioner argues the trial court erred in its entrapment instruction. The South Carolina Court of Appeals found this issue was not preserved for review because the issue objected to at trial and the issue raised on appeal were not the same. After the jury instruction, Petitioner objected and argued that the trial court improperly instructed the jury that Hernandez had the burden to prove inducement. On Appeal, Petitioner argued that the trial court incorrectly stated the law on the defense of entrapment when it stated the State had the burden to prove that he was not predisposed beyond a reasonable doubt to commit the crime of drug trafficking when the charge should have read that the State had the burden to prove that he was predisposed beyond a reasonable doubt.

As the issue raised at trial after the jury instruction and the issue raised on appeal were not the same, the South Carolina Appeals Court found that it was not preserved. Therefore, this issue is procedurally barred from federal habeas review. The exhaustion requirement demands that the petitioner "do more than  scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not

turn the trick" <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994), *quoting* <u>Martens v.</u>
<u>Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988). Therefore, Respondent's motion for
summary judgment should be granted with respect to this issue.[2]

## Ground Three

Petitioner argues that trial counsel was ineffective in failing to preserve issues
for appellate review. Specifically, Petitioner argues that the PCR court should have
granted him relief because trial counsel refused to preserve for appellate review the
trial court's failure to instruct the jury properly regarding the entrapment defense.

As set forth above with respect to the entrapment issue, the PCR court held as
follows:

> This Court finds that an entrapment defense was
> properly presented to the jury and available for their
> consideration at trial. This Court finds further that there is
> no evidence that the proper preservation of the issue
> for appeal would have changed the outcome of the trial.
> This Court finds this allegation is without merit and trial
> counsel properly raised an entrapment argument at trial.

(Tr. 404).

At the PCR hearing, trial counsel testified that he raised the entrapment defense,

---

[2] As this issue applies to a question of state law, the claim fails. A state court's decision on a
question of state law is binding in federal court. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68
(1991); <u>Thomas v. Davis</u>, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

and it was argued in closing. Additionally, trial counsel testified that the trial judge was reluctant to instruct the jury on entrapment, but he did incorporate the charge to the jury. Trial counsel testified that he thought he had preserved the issue because he objected to the charge with relation to burden shifting. (Tr. 376-379). Within the charge, the trial judge may have erroneously stated at one point that the state had to "prove beyond a reasonable doubt that he was not predisposed. That he was otherwise not predisposed to commit this crime." However, the trial court also charged as follows:

> The state is required to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime without the inducement. Predisposed to commit the crime means that the defendant had the intent, purpose, readiness or willingness to commit the crime without the inducement or persuasion of the officer or the fact that the officer or agent merely presented opportunities or facilities for the commission of the crime is not entrapment. If you find the defendant has any predisposition without any government inducement and influence to commit the crime, the defense of entrapment would not apply.

(Tr. 247-48).

Petitioner has not shown prejudice as the jury instruction in totality set forth the proper burden, and he has not shown that the outcome would have been different considering the record as a whole. The conversation with Petitioner during the

controlled buy was recorded by video transmitter by the undercover agent and played in its entirety during the trial.

The PCR court found "no evidence that the proper preservation of the issue for appeal would have changed the outcome of the trial." (Tr. 404). Based upon the record as a whole, the PCR court's rejection of the ineffective assistance of counsel ground for relief based on the Strickland standard was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The record supports the PCR court's decision. Therefore, the PCR court's decision did not result in an unreasonable application of Strickland. Therefore, it is recommended that summary judgment be granted for Respondent with regard to Ground Three.

**Ground Four**

In Ground Four, Petitioner alleges that appellate counsel was ineffective by raising issues determined to be unpreserved for review by the South Carolina Court of Appeals and failing to raise issues that were properly preserved.

The PCR court held the following:

> . . .that appellate counsel was not ineffective for appealing an issue that was not preserved for review. This Court finds that the Applicant presented no evidence that appellate counsel was deficient or that but for counsel's errors there is a reasonable probability he would have prevailed on appeal. This Court finds that this allegation is without merit.

> Accordingly, this Court finds the Applicant failed to prove the first prong of the <u>Strickland</u> test-that appellate counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that appellate counsel committed either errors or omissions in their representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u>-that he was prejudiced by appellate counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. <u>See</u> <u>Frasier v. State</u>, 351 S.C. at 389, 570 S.E.2d at 17

(Tr. 405-406).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. Even if trial counsel failed to

render reasonably effective assistance of counsel under prevailing norms by failing to raise certain issues, the PCR court reasonably found that Petitioner failed to prove the prejudice prong in <u>Strickland</u> as it did not affect the outcome of the trial and the error was corrected. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Four.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

January <u>14</u>, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.